# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

JASON HOLLOWAY                                                           PLAINTIFF

v.                                                          No. 1:13CV218-NBB-SAA

ALCORN COUNTY, ET AL.                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jason Holloway, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved [87] under Fed. R. Civ. P. 12(c) for judgment on the pleadings, arguing, among other things, that judgment should be entered for the defendants because Holloway had not exhausted administrative remedies prior to filing the instant suit. Holloway has responded to the motion; the defendants have replied, and Holloway has filed a surrebuttal brief. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion [87] for judgment on the pleadings (construed as a motion for summary judgment) will be granted, and the case will be dismissed for failure to exhaust administrative remedies.

### Construing the Motion for Judgment on the Pleadings as a Motion for Summary Judgment

As both parties have presented documents outside the pleadings, under Fed. R. Civ. P. 12(d), the court will construe the instant motion as one seeking summary judgment under Fed. R. Civ. P. 56. Rule 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). The sole issue the court will consider in the instant motion is whether the plaintiff exhausted his administrative remedies prior to filing the instant case.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th

Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### Allegations

Jason Holloway alleges that the defendants used excessive force against him, denied him adequate medical treatment, tampered with his mail, and denied him access to the courts. Alcorn County, Mississippi, Sheriff Charles Rinehart, Jail Administrator Pat Marlar, Lt. Steve Odle, Warden Doug Mullen, Sergeant Hudson, Officer Tate, and Nurse Lee Holder are the defendants remaining in this case.

After Holloway's arrest on February 15, 2012, he was taken to the Alcorn County Jail, where he was immediately escorted to segregation because he was under the influence of drugs. After the officers closed the door in segregation, he began cursing and kicking the door. In response, Sergeant Hudson opened the door, sprayed him in the face with mace, then shut the door. Holloway was able to wash his face and eyes, but the defendants did not allow him any fresh air.

Later on, Holloway and Sergeant Hudson had an argument; afterwards, Holloway was placed in segregation by Hudson and Officer Tate. Holloway began cursing at Sergeant Hudson from segregation, and Hudson opened the door, grabbed Holloway by the throat, and choked him. Tate saw

the incident but did not intervene. Holloway was then stripped naked and did not receive his clothes back until later that night.

On another occasion, Holloway informed Administrator Marlar, Lt. Odle, and another officer, that Officer Tate was bringing contraband into the facility. After Holloway divulged this information, jail staff then accused him of lying and started harassing him. Holloway demanded to call his mother, and he was permitted to do so. During the call to his mother, Holloway threatened to harm himself if she did not get him out of jail. As a result, Marlar, Odle, and Tate placed Holloway in segregation and put him on suicide watch, where he continued to make suicidal statements. He was then stripped naked, handcuffed to the bed, and left alone until he calmed down.

Holloway has a history of asthma, seizures, and depression. He claims that Nurse Holder would not provide him his seizure medication and breathing treatments; instead she informed him that his family would have to pay for them. Holloway eventually received his medicine, but the charges were placed on his inmate account. Later, he refused the seizure mediation because he believed the dose was too high. On December 10, 2013, Nurse Holder examined Holloway and told him she would order a breathing treatment; Holloway, however, was leaving the next day and did not receive the treatment.

Finally, Holloway alleges that Alcorn County officials opened his legal mail twice – and opened his outgoing mail after he sealed it. He argues that the defendants denied him access to the courts because he did not have access to a legal library with legal materials and research he could use to defend against the criminal charges he faced – and to pursue the claims in this case.

**Exhaustion of Administrative Remedies**

This case must be dismissed because Jason Holloway did not exhaust his administrative remedies as to any of his claims. The Prison Litigation Reform Act ("PLRA") states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A district court may dismiss a lawsuit if the plaintiff fails to complete the prison grievance process. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). While the exhaustion requirement is not jurisdictional, *id.* at 293-95, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v. Stubble field*, 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted).

In this case, the documentary evidence, including Holloway's testimony at the *Spears* hearing, shows that he did not exhaust his prison administrative remedies before filing the instant suit. Holloway left blank the question on the court's standard form for prisoner cases brought under 42 U.S.C. § 1983 regarding whether he had exhausted his administrative remedies. Instead, he stated his belief that the grievance process is futile. Notably, Holloway also left blank paragraph 7(d), which directs prisoners to "[s]tate specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was." A rational reading of the form leads the court to believe that Holloway simply did not seek administrative review because he believed it to be a waste of time.

In addition, upon questioning by the Magistrate Judge at his *Spears* hearing, Holloway stated that he had filed grievances about the phones not working and problems with the shower, but he did

not mention any grievances as to the claims in this suit. He stated that, based upon his lack of success with the grievances regarding phone and shower trouble, he had stopped filing grievances because he believed they did no good. On December 17, 2013, over a month after filing the instant suit, Holloway submitted grievances regarding his § 1983 claims as to his medical treatment. He has since filed other grievances, as well.

To prove that he has exhausted his administrative remedies regarding a claim, Holloway must provide evidence that: (1) he completed the prison administrative grievance process as to that claim, and (2) he did so before filing the instant suit. Holloway has not provided such evidence for *any* of his claims. In his complaint, when responding to the questions regarding exhaustion of administrative remedies, Holloway stated only that he believes the prison grievance process to be futile. When asked directly about exhaustion at his *Spears* hearing, Holloway testified that he had filed grievances only about broken telephones and leaky showers. In paragraph 9 of his response to the instant motion, Holloway states that he had "filed grievances about his mail on numerous occasions, about his mail log being tampered with." He did not, however, say *when* he filed those grievances, though he clarifies the issue in paragraph 11, where he refers to various grievance forms attached as exhibits to his response. However, every one of those grievances was filed *after* the filing date of the instant suit. In paragraph 1 of his surrebuttal brief, Holloway states that he "filed many grievance forms prior to the ones filed after the lawsuit was filed;" however, his statement contradicts his *Spears* hearing testimony – and still does not show that the issues addressed in the grievances are the same as those in this case. He also states in paragraph 2 of his surrebuttal that he "exhausted the only remedies available to him." Again, however, he declined to say what issues the grievances addressed. Finally, in an affidavit submitted with his surrebuttal brief, Holloway states that he "filed grievances on all issues in this case[,] some being in the form of grievance forms[,] others being in the form of hand

written letters to the defendants." First, handwritten letters do not conform to prison grievance procedure. Further, Holloway, once again, has failed to specify *when* he filed those grievances – or the issues the grievances addressed.

As set forth above, to prove exhaustion of administrative remedies – as to each issue – a prisoner must show that he completed the grievance process and that he did so prior to filing suit. As to some issues, Holloway has provided proof that he completed the grievance process (as best he could in the absence of a response), but failed to do so prior to filing suit. Elsewhere, Holloway states that he submitted many grievances, but he does not identify the issues in those grievances or provide any documentation that they were ever filed. The court cannot identify a single issue for which Holloway provides proof that he completed the grievance process – and did so prior to filing suit. For this reason, the court finds that Holloway has not exhausted his administrative remedies as to any of his claims. Indeed, the court cannot recall where Holloway even *alleged* facts to support the conclusion that he exhausted any of his claims before filing suit. He left the exhaustion questions on the original complaint substantially blank, and he has not alleged for any claim remaining in this case that he has *both* completed the grievance process *and* did so prior to filing this case.

Holloway simply has not exhausted his administrative remedies as to the claims in this case. Although he eventually submitted grievances, he did so *after* filing this case; as such, they cannot satisfy the exhaustion requirement of the PLRA. *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998). For this reason, the defendants' motion [87] for summary judgment will be granted, and the instant case will be dismissed for failure to exhaust administrative remedies. In addition, Holloway has filed a motion [121] for sanctions, which the court construes as a motion to compel production of documents, in which he alleges that the defendants have withheld various documents described in the court's scheduling order of June 30, 2014. In that order, the court set an August 25, 2014, deadline for

the defendants to provide the plaintiff with discovery.  The defendants complied with the order on September 25, 2014.  Some six months later, and after the defendants' filed the instant dispositive motion, Holloway seeks production of various documents he believes that the defendants have not provided.  In their response, the defendants argue:  (1) that the instant motion [121] for production of documents is untimely, and (2) that, in any event, a second review of documents in their possession did not reveal any further documents described in the court's scheduling order.  The defendants' arguments are persuasive, and the plaintiff's motion [121] to compel production of documents will be denied.

**SO ORDERED**, this, the 16th day of June, 2015.

>                            */s/ Neal Biggers*
>                            NEAL B. BIGGERS
>                            SENIOR U. S. DISTRICT JUDGE